HIRLINGER v. ZANDER, EXRX., ET AL.

*Alien enemies — Suit instituted before war declared — Status during pendency of war.*

A suit properly instituted in a state court by an alien against a citizen of this state will not be dismissed because plaintiff subsequently becomes an alien enemy by reason of a declaration of war between the United States and the government of which he is a subject, but such suit should be suspended during the continuance of the war by continuing the case from term to term until the declaration of peace.

(Decided June 30, 1919.)

ERROR: Court of Appeals for Hamilton county.

ON MOTION to dismiss petition in error.

*Messrs. Powell & Smiley,* for plaintiff in error.
*Messrs. Galvin & Bauer* and *Messrs. Spangenberg & Spangenberg,* for defendants in error.

HAMILTON, J. This action was originally filed in the court of common pleas of Hamilton county on February 23, 1917, prior to the declaration of the state of war between the United States and Germany, and the case was pending at the time of the declaration of war. No further proceedings were had in that court until October 4, 1918, when the defendants filed a motion to dismiss the petition, basing their motion on the fact that the plaintiff was an enemy alien, residing in the German Empire. The state of war was declared between the United States and the German Empire April, 1917. Upon consideration of the motion, the court of common pleas sustained the same and dismissed the action at plaintiff's cost.

The reasons set forth in the motion for dismissal of the petition in error are: first, because the plaintiff in error has no standing or right in law to institute such proceedings or any proceedings in this court, inasmuch as said plaintiff in error is an enemy alien residing in Germany; second, because said proceeding in error was instituted by the attorney claiming to be her counsel without authority obtained from her, or any other person acting in her behalf; third, because such power of attorney, if any existed, was revoked by the declaration of war, wherefore Attorney Powell is without legal power to represent plaintiff in error before this court, or subject her to its jurisdiction; and, fourth, because the petition in error does not raise any questions which would otherwise invest this court with jurisdiction to review the proceedings in error.

The presentation in the briefs of counsel on motion to dismiss involves all the questions that might be presented on the merits of the case, and the determination of the questions on the motion will determine the merits of the case.

The first question which we will consider is: Did the trial court err in dismissing the petition and rendering judgment for costs against plaintiff? Defendants in error rely upon the act of Congress entitled "Trading with the Enemy Act," and the amendments thereto, which, among other things, provides as follows:

"Nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by

an enemy or ally of enemy prior to the end of the war, except as provided in section ten hereof."

Section 10 relates solely to patent rights, trademarks and copyright matter.

The suit was filed in the common pleas court by an alien against citizens of the United States prior to the declaration of war between the United States and Germany and was pending at the time of the declaration of war. These facts bring the case clearly within the rule laid down in the decision of Spear, J., in the case of *Plettenberg, Holthaus & Co.* v. *I. J. Kalmon & Co.,* 241 Fed. Rep., 605. The syllabus of that case is as follows:

"A suit, properly instituted in a federal court by an alien against a citizen of the United States, will not be dismissed because plaintiff subsequently becomes an alien enemy, by reason of the declaration of war between the United States and the government of which he is a subject, but may be suspended on motion of defendant during the continuance of the war."

It is well settled that our courts are open to alien enemies residing here during the continuance of the war. (*Nyitray* v. *McAlonan et al.,* 27 C. C., N. S., 545, and cases there cited.) It is also well settled that an alien enemy residing in an enemy country could not properly institute a suit against a citizen of the United States during the continuance of the war. *Porter* v. *Freudenberg* (1915), 1 K. B., 857, and cases therein cited.

The plaintiff in error, a German subject, sued to set aside a will of a deceased relative, a resident of this country. She brought her action and it was pending before the German government was at

war with the United States. There are strong legal inhibitions against the commencement or maintenance during the war of a suit or action by an alien enemy, the inhibition being provided for by the act entitled "Trading with the Enemy Act," above referred to. The reason for this is that if the alien enemy through the action should recover property it might add to the resources of the power of which he is subject, then at war with this country, in whose court he seeks redress. The inhibition is, however, coextensive only with the war. It does not abate an action or suit begun while the courts are open to aliens. The law of the land extends judicial power to controversies between aliens and citizens of the United States. The action instituted before war was declared was properly brought. At the time of the institution of the suit plaintiff was not an enemy alien, but afterwards became such.

In the case of *Watts, Watts & Co., Ltd.,* v. *Unione Austriaca di Navigazione,* 248 U. S., 9, the court say at page 22 of the opinion:

"Under these circumstances, we are of opinion that the decree dismissing the libel should be set aside and the case remanded to the District Court for further proceedings, but that no action should be taken there (except such, if any, as may be required to preserve the security and the rights of the parties in *statu quo*) until, by reason of the restoration of peace between the United States and Austria-Hungary, or otherwise, it may become possible for the respondent to present its defense adequately."

Our conclusion, therefore, is that the action should not have been dismissed by the trial court, but merely suspended during hostilities by continuing the case from term to term until the declaration of peace.

The objection on the ground that the attorney was without authority to prosecute this proceeding in error is disposed of by the holding in *Porter* v. *Freudenberg,* and in the *Watts case, supra,* where the exception is made that no further proceedings should be taken by the lower court during the continuance of hostilities "except such, if any, as may be required to preserve the security and the rights of the parties in *statu quo*" until the restoration of peace.

In the case of *Pennywit et al.* v. *Foote et al.,* 27 Ohio St., 600, the court say, at page 631:

"Numerous cases may be cited to show that agencies in private affairs, relating to property of an alien enemy, within the agent's country, so far as their acts are not in violation of the non-intercourse regulations, and are not for the benefit of his principal, or protection of his property, are not revoked. We have been referred to none, however, showing that such agencies extend beyond the protection and care of his principal's property and interests, to the creating new obligations. The attorney in this case might well have continued his employment, for the purpose of saving the rights of his clients; but it can hardly be claimed that it was within the scope of his employment to waive his clients' right to have the action suspended, and, by his appearance, confer a power upon the court, which otherwise it did not possess, to bind them by

a judgment, when war made it impossible for him to have a day in court."

The original suit was filed by counsel who now file this petition in error, and it was not only their right to file the petition in error, to protect the interest of their client against a dismissal of the action, but it was their duty to do so. While their authority to act is limited to such acts as may be required to secure the rights of the plaintiff in error and maintain a *statu quo* with reference to the suit, the proceeding in error here does no more than that. For the same reason the plaintiff in error had the right and standing in law to institute this error proceeding, but for the sole purpose of maintaining her suit *in statu quo* in the trial court pending the continuance of hostilities.

For the reasons above stated the motion to dismiss the petition in error will be overruled.

The judgment of the trial court will be reversed, the judgment of dismissal set aside, and the trial court instructed to suspend the action until the conclusion of peace between the United States and Germany.

*Judgment accordingly.*

SHOHL, P. J., concurs.
CUSHING, J., not participating.